UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOT CHEVELLE GALES, | ) | CASE NO.: 5:23-CV-01321 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN KEITH FOLEY, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 29) filed by Petitioner Elliot Chevelle Gales. Doc. 34. Upon due consideration, the Court overrules the objections and adopts the Report and Recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Petitioner asserts six objections to the R&R.

1. **"The Magistrate's findings that Petitioner's Ground Seven for relief is not cognizable is unreasonable[.]"**

In Ground Seven, Petitioner asserts that the Ninth District Court of Appeals ("the Ninth

1

District) denied him a fair hearing when it denied his motion to reopen under App.R. 26(B) without reaching the merits. Doc. 1, PageID 10. The R&R concluded that Ground Seven was not cognizable on federal habeas review because Petitioner only challenged the denial of his Rule 26(B) application, not his underlying convictions.  Doc. 29, p. 20.

The R&R explains that "the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." Doc. 29, p. 23, quoting *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007).  Further, "'[a] due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" Id. Thus, the R&R concludes that even if the state court had found merit in his claim and resolved it in his favor, he would not have been entitled to release from custody because his claim did not challenge the underlying state conviction that gave rise to his imprisonment, and therefore, the claim is not cognizable on federal review.  Doc. 29, p. 24.

Petitioner does not offer any argument about the law cited in the R&R applicable to his claim. Rather, he contends that the conclusion is "unreasonable."  Doc. 34, p. 1.  Essentially, he reiterates his argument as stated in his claim. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the R&R has the same effect as a failure to object. *Id.* Because Petitioner merely repeated and restated previous arguments, this objection is overruled.

### 2. "The Magistrate's assertion that Petitioner's Grounds One and Four are meritless… makes his determination questionable."

In Ground One, Petitioner claims that his trial counsel did not properly and timely present an offer of proof to support his request for a hearing under *Franks v. Deleware,* 438 U.S. 154 (1978). Doc. 29, p. 26, quoting Doc. 1, p. 5.  In Ground Four, Petitioner claims that his appellate counsel failed to raise trial counsel's allegedly deficient performance regarding the *Franks* hearing.

As set forth in the R&R, on review of this claim, the Ninth District explained that "even when a sufficient offer of proof has been made under *Franks v. Delaware*, no evidentiary hearing is required if, 'after the affidavit material alleged to be false is excluded from the affidavit, there remains sufficient content in the affidavit to support a finding of probable cause.'" Doc. 29, p. 28, quoting Doc. 24-1 at PageID 487-91. The Ninth District noted that Petitioner did not address the remainder of the information included in is search warrant affidavit. Id. Upon review of that remaining information, the Ninth District concluded that Petitioner had "not shown that, but for his former counsel's failure to submit an offer of proof in support of his *Franks v. Delaware* claim, he would have received an evidentiary hearing. Thus, this Court cannot conclude that he has established his claim of ineffective assistance of counsel. Mr. Gales' first assignment of error is overruled." Id.

The R&R agreed with the Ninth District's analysis that Petitioner did not establish that he was entitled to a *Franks* hearing. Doc. 29, p. 29.  Upon review of the arguments here, the R&R concluded that Petitioner failed to "establish that the Ninth District's decision was contrary to, or involved an unreasonable application of, Supreme Court precedent or was based on an unreasonable determination of facts, as required to obtain habeas relief." Doc. 29, p. 28, citing 28 U.S.C. §2254(d). Further, the R&R concluded that because Petitioner failed to establish that his trial counsel was ineffective, "it follows that appellate counsel could not be ineffective for failing to raise ineffective assistance of trial counsel on direct appeal." Doc. 29, p. 29.

In his objection, Petitioner disagrees with the Ninth District and the R&R's conclusion that

3

he failed to establish that he was entitled to a *Franks* hearing. Doc. 34, p. 3. He does not set forth any new arguments to support his objection, rather he reiterates his disagreement with the court's conclusion. As noted above, an objection simply restating a prior argument is not an objection for habeas purposes. Accordingly, this objection is overruled.

### 3. Objection to the "Magistrate's finding that Ground Two and Three lack merit because the state trial court had subject matter jurisdiction, and any challenge based on the timing of a preliminary hearing would have been futile."

In Ground Two Petitioner contends that his appellate counsel was ineffective because he did not raise trial counsel's failure to challenge the court's subject-matter jurisdiction. Doc. 29, p. 29, citing Doc. 1, PageID 6. In Ground Three Petitioner asserts that his appellate counsel failed to raise as error the trial court's denial of his motion to dismiss based on procedural errors in the charging process. Doc. 29, p. 29, citing Doc. 1, PageID 8.. "The Ninth District determined appellate counsel was not ineffective because '[a]ppellate counsel may well have determined as a matter of strategy that any arguments related to the lower court's subject matter jurisdiction or alleged failure to conduct preliminary hearing and/or initial appearance within a specific timeframe were unlikely to succeed.'" Doc. 29, p. 30, quoting Doc. 24-1, PageID 551. Upon review, the R&R agreed with this conclusion and further noted that "the determination of whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. The Court is thus also bound by the Ninth District's determination that the trial court had subject-matter jurisdiction under state law." Doc. 29, p. 31. The R&R also explained that regarding Petitioner's "underlying concern that a state court violates a defendant's federal right to due process when the state's charging procedure bypasses a preliminary hearing without a waiver is meritless because there is no federal constitutional right to a preliminary hearing." Doc. 29, p. 32, citing *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965).

4

Again, Petitioner's objection reiterates his initial arguments that that R&R has already considered and properly rejected. Upon review, this Court agrees with the R&R's conclusions. Accordingly, Petitioner's objection is overruled.

### 4. Objection to the conclusion that "Ground Five lacks merit because the search warrant of Mr. Gale's residence was not based on stale information."

In Ground Five, Petitioner alleged that his appellate counsel was ineffective by not raising his trial counsel's alleged failure to challenge specific aspects of the search warrant, including the staleness of the information. Doc. 29, p.32, citing Doc. 1, PageID 9-11. Specifically, Petitioner contends that "Appellate Counsel's failure to raise ineffectiveness on this issue prejudiced Petitioner from having the merits of such considered on appeal. Had it not been for Appellate Counsel's deficient performance there is a reasonable probability that the outcome of the appeal would have been different." Doc. 28, p. 15.

As noted in the R&R, the Ninth District ruled on the merits of this claim when it ruled on Petitioner's motion to reopen his direct appeal. In that judgment, the Ninth District reviewed Petitioner's arguments regarding his trial counsel's alleged failure to assert that the search warrant affidavit was based on stale information. Doc. 24-1, PageID 549. The Ninth District concluded that Petitioner "has not shown that there exists a reasonable probability that, but for his appellate counsel's failure to pursue arguments related to the identity of the confidential informant and/or the staleness of the information the informant provided, the result of this proceeding would have been any different." Id. Thus, the Ninth District itself held that even if Petitioner's appellate counsel made the arguments he suggests, the outcome of his appeal would not have been different. Id. Accordingly, Petitioner cannot make an argument here that any error was prejudicial. He, in fact, had this claim reviewed on the merits.

The R&R analyzes and concurs with the Ninth District's merit review of this issue. Petitioner's objection merely reiterates his stance that the affidavit was based on stale information. This Court agrees with the R&R's analysis and conclusions and therefore Petitioner's objection is overruled.

**5.  Objection to the conclusion that "Ground Six lacks merit because Petitioner has not shown how he was prejudiced by his appellate counsel not appealing the denial of disclosure of the confidential informant's identity."**

In Ground Six, Petitioner contends that his appellate counsel erred by not challenging the trial court's denial of his motion to compel disclosure of the confidential informant's identity. Doc. 29, p. 35, citing Doc. 1, PageID 12).

Petitioner's trial counsel below moved to compel the government to disclose the confidential informant's identity, asserting that the informant was a witness and participant in the alleged unlawful activity.  Doc. 29, p. 36, citing Doc. 24-1, PageID 189. He claims that his trial counsel was ineffective for failing to make a legally appropriate argument and his appellate counsel failed to raise ineffective assistance of trial counsel on that basis in his direct appeal. Doc. 29, p. 36, citing Doc. 24-1, PageID 536-37. The Ninth District concluded that Petitioner had not shown that but for his appellate counsel's failure to assert the argument related to the identity of the confidential informant, the results of the proceeding would have been different.  Doc. 29, p. 36, citing 24-1, PageID 552. The R&R concluded that Petitioner did not make a meaningful argument that his appellate counsel's failure to raise the claim prejudiced him, instead making a conclusory argument that if appellate counsel had made the argument, the results would have been different.  Doc. 29, p. 36,

Petitioner makes the same argument in his objections. Again, an objection simply restating a prior argument is not an objection for habeas purposes.  See *Bock*, 327 F. Supp. at 747.  This Court

agrees with the R&R's conclusions and therefore Petitioner's objection is OVERRULED.

> **6. Objection to the conclusion that "Ground Eight is barred by res judicata and lacks merit because Ohio law would not permit counsel to re-raise arguments in a limited resentencing hearing."**

The Ninth District remanded Petitioner's case for resentencing, concluding that the trial court did not make the required statutory findings under Ohio Revised Code §2929.14(C)(4) to impose consecutive sentences. *State v. Gales*, 2022 WL 792108, *9-10 (Ohio Ct. App. 2020).   On remand, the trial court held a sentencing hearing and made the necessary findings to impose consecutive sentences and included them in the sentencing entry. Doc. 29, p. 37, citing Doc. 24-1, PageID 252, Doc. 24-2, PageID 774.

In Ground Eight, Petitioner claimed that counsel at his resentencing hearing failed to adequately prepare and investigate for resentencing, thus failing to protect his procedural due process rights. In his second appeal, below, the Ninth District concluded that 1) Petitioner raised ineffective assistance of counsel in his first appeal and the court overruled the assignment of error.  As such, to the extent Petitioner sought to raise issues (or wanted his resentencing counsel to raise below) related to his trial, his arguments were barred by res judicata, and 2) to the extent Petitioner raised issues regarding his resentencing itself, the court found that he could not establish that his resentencing counsel's performance was deficient.  *State v. Gales*, 223 N.E.3d 84, 88 (Ohio Ct. App. 2023).

The R&R fully addressed Petitioner's argument that res judicata did not apply to his claims, concluding that under Ohio law, obtaining a new judgment in an underlying criminal case does not eliminate the res judicata effects of the original judgment. Doc. 29, p. 39.  The R&R further concluded Petitioner could not establish that his resentencing counsel was ineffective because "counsel cannot be deemed deficient for failing to take action that would have been futile. Doc. 29, p. 40. In his objection, Petitioner disagrees with the Ninth District and the R&R's conclusions on this issue.  He

incorporates his arguments in his traverse and from his state court appeals.  He does not set forth any new arguments to support his objection, rather he reiterates his disagreement with the court's conclusion.  As noted above, an objection simply restating a prior argument is not an objection for habeas purposes.  Accordingly, this objection is overruled.

Because the Court overrules Petitioner's objections and adopts the R&R's conclusions on those issues, the Court concludes that an appeal from this issue cannot be taken in good faith pursuant to 28.U.S.C. § 1915(A)(3).

**CONCLUSION**

Petitioner's objections are overruled.  The R&R is hereby ADOPTED IN WHOLE, and his petition is DENIED. The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

   **IT IS SO ORDERED.**


   May 13, 2026                                          */s/ John R. Adams*
                                                        JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE

8